# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 13, 2010

## ORLANDO KNOX v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**Nos. C-08-369, 07-555       Donald H. Allen, Judge**

**No. W2009-01843-CCA-R3-PC  - Filed July 26, 2010**

The petitioner, Orlando Knox, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief. The petitioner entered best interest pleas to two counts of aggravated burglary, a Class C felony; one count of burglary, a Class B felony; two counts of vandalism, a Class A misdemeanor; and one count of theft, a Class A misdemeanor. The agreement prescribed an eight-year sentence, which was to be suspended following service of six months. On appeal, the petitioner contends that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of counsel. Specifically, he contends that trial counsel was ineffective in failing to adequately investigate the case and prepare for trial. Following review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Orlando Knox.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The underlying facts of the case, as recited by the State at the guilty plea hearing, are as follows:

[On] June 26th, 2007, the sheriff's deputies responded to the Jerry Crawford residence which is the indictment in Counts [one, two, and three] concerning an aggravated burglary of his residence. He discovered entry had been made and several items were taken, money and rings and a watch. I believe all of those were recovered, but there was a little bit of damage to his residence thus being the aggravated burglary of his residence, the theft of property under $500 in Count [two] and the vandalism under $500. While they were taking that report, Mr. Cherry, the victim in Counts [four and five] came over and filed a report that he had been burglarized, entry gained through a rear window into his home. No items were taken, but there was some damage to his residence and thus the aggravated burglary in Count [four] and the vandalism in Count [five] under the value of $500. In Count [six], Your Honor, also while Mr. Crawford was filing a report, Mr. Johnson, the victim in Count [six] notified the police that he was the victim of vandalism that an outbuilding that he owned had been entered and he kept a couple of cars in there and that a couple of his cars were spray painted and thus committing vandalism of his vehicles in this outbuilding. In Counts [seven and eight], Your Honor, we are moving to dismiss those. It should have been vandalism. He was indicted for theft, but there was no theft from Mr. Johnson, it was just vandalism of that property. All of these victims live in the same general area. These offenses occurred in Madison County, Tennessee.

There was a witness who identified that they saw [the petitioner] walking up and down the street carrying a baseball bat and they asked him what he was doing and that he said about to break into a house. There was also another witness that observed several young black males, three of whom were identified later as juveniles involved in this matter, and they were all in the area and all apprehended including [the petitioner] and identified as the people who were responsible for perpetrating these crimes. All of these offenses occurred in Madison County, Tennessee, all on the same day within relatively the same time period, Your Honor.

The petitioner then filed a timely *pro se* petition for post-conviction relief, asserting an involuntary and unknowing guilty plea based upon the ineffective assistance of counsel. Counsel was appointed, and an amended petition was filed. Thereafter, a hearing was held at which the petitioner and trial counsel testified. The petitioner testified that he felt he was pressured and coerced into accepting the best interest pleas, despite his innocence, by trial counsel's ineffectiveness. The nineteen-year-old petitioner testified that this was his first felony charge as an adult and that he did not understand the ramifications of entering the plea. He stated that trial counsel focused all his discussions on the plea agreement and did

not discuss possible outcomes and defenses if the petitioner chose to go to trial. He further alleged that trial counsel failed to investigate the facts of the case or interview potential defense witnesses. He also contended that trial counsel failed to investigate possible forensic evidence, specifically finger prints and shoe prints found at the scene, which he alleged would have exonerated him. According to the petitioner, he was not present during the commission of some of the crimes, but he acknowledged that he was present during the Crawford crimes, although asserting he did not participate. On cross-examination, he acknowledged that, in his statement to police, he admitted being present at all the crimes.

Trial counsel testified and stated that he met with the petitioner on multiple occasions. He stated that he reviewed all discovery materials with the petitioner, which included statements from three co-defendants implicating the petitioner. Trial counsel testified that the petitioner had also given a statement to the police in which he acknowledged his presence at the crime scenes but denied participation in the actual crimes. Trial counsel further testified that the petitioner had no alibi and that he felt there were no additional witnesses to interview. He stated that it was the petitioner's choice to seek a plea agreement because he wanted to get out of jail and move forward with his life. Trial counsel stated that he informed the petitioner of his rights, including the right to go to trial. He also testified that the petitioner seemed happy with his plea agreement until the suspended sentence was revoked.

After hearing the evidence presented, the post-conviction court denied relief. This timely appeal followed.

**Analysis**

On appeal, the petitioner contends that the trial court erred in denying his petition for post-conviction relief. He asserts that his plea was not entered knowingly and voluntarily because he was denied his right to the effective assistance of counsel. In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed,

> a court charged with determining whether . . . pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal

proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate that guilty pleas be made voluntarily and intelligently. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *Alford*, 400 U.S. at 31, 91 S. Ct. at 164).

To succeed in a challenge for ineffective assistance of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably-based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). However, this deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Id.* at 458.

## I. Ineffective Assistance of Counsel

The petitioner contends that he was denied his right to the effective assistance of

counsel because trial counsel failed to adequately investigate the facts of the case and prepare for trial. Specifically, he contends that trial counsel should have explored possible exculpatory forensic evidence, the facts surrounding the case, and possible defense witnesses. He asserts that trial counsel focused only on plea negotiations rather than on trial preparation. He contends that trial counsel's alleged ineffectiveness "coerced" him into pleading guilty, thereby establishing the prejudice prong as well.

In its order denying relief, the post-conviction court found as follows:

> The Court credits the testimony of [trial counsel] when he testified that his client wanted to "work out" a guilty plea arrangement with the State and was willing to enter a guilty/best interest plea in exchange for probation. Furthermore, the willingness of at least two [of] the three juveniles involved in these burglaries to testify that [the petitioner] was also involved in these same burglaries, along with the [petitioner's] own statements and admissions in this case along with his presence at [the] scene of the crimes, made for a relatively strong case against [the petitioner].

> The Court finds that the [advice] given and the services rendered by [trial counsel] were well within the bounds of generally accepted professional standards. Likewise, nothing presented in the evidence suggests that [the petitioner] was in any way pressured or coerced into entering his guilty/best interest plea, or that he desired to go to trial in this case. The Court does not credit [the petitioner's] testimony as truthful when he stated that he [did not] understand what he was doing at the time his plea was entered.

Review of the record reveals nothing to preponderate against the post-conviction court's findings that relief should be denied. The court expressly accredited the testimony of trial counsel that it was the petitioner's decision to proceed with the plea agreement after trial counsel had explained all the rights available to him. It has been held on multiple occasions that "questions of credibility of witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of facts." *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). As such, the post-conviction court's credibility determinations will not be revisited on appeal.

Moreover, the petitioner failed to produce any forensic evidence or possible witnesses at the post-conviction hearing. It is the burden of the petitioner to produce witnesses and to establish what their testimony would have been at trial. Pursuant to *Black v. State*, production of these witnesses is generally the only way to establish that the failure to discover or interview witnesses "inured to his prejudice" or that "the failure to have a known

-5-

witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Thus, the petitioner also failed to establish the prejudice prong by his failure to produce this evidence at the hearing. As such, we must conclude that the petitioner has failed to carry his burden of establishing the ineffective assistance of counsel.

## II. Unknowing/Involuntary Plea

The petitioner also makes the assertion that his plea was not entered knowingly and voluntarily because of the ineffective assistance of counsel. He relies upon his youth, limited education, and lack of experience with the criminal justice system to support his argument. However, having concluded that trial counsel was not ineffective, this argument must also fail. Nonetheless, we would note that the record fully supports the post-conviction court's ruling that the plea was entered knowingly and voluntarily. As previously noted, trial counsel testified that he explained the plea agreement and all rights available to the petitioner. He stated that there was no indication that the petitioner did not understand and, further, that it was the petitioner's decision to proceed with the agreement based upon his desire to be released from custody. Moreover, the record indicates that, at the guilty plea hearing, the trial court conducted an extensive voir dire of the petitioner prior to the acceptance of the plea agreement. The petitioner stated on the record that he wanted to enter the best interest plea, understood his rights, and was satisfied with the representation he had received. Thus, our review of the record affirmatively demonstrated that the petitioner's plea "represent[ed] a voluntary and intelligent choice among the alternative courses of action open to the [petitioner]." *See Alford*, 400 U.S. at 31.

## CONCLUSION

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE